## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 13-23492-Civ-COOKE/TORRES

ALEXANDRA KELLY,

      Plaintiff,

v.

CHI, Inc. a/k/a
COMMUNITY HEALTH OF SOUTH
FLORIDA, INC., and DERRICK
CHAMPION, DDS,

      Defendants.

_____/

### ORDER GRANTING MOTION FOR REMAND

BEFORE ME is Defendant CHI, INC. a/k/a Community Health Of South Florida, Inc.'s ("CHI") Motion to Remand, ECF No. 6. Plaintiff has not filed a Response to Defendant's Motion, the time for which has expired. Therefore, the Motion is ripe for review. I have reviewed the Motion, the record, and the relevant legal authorities. For the reasons explained below, Defendant's Motion to Remand is **GRANTED**.

### I. BACKGROUND

On July 26, 2013, Plaintiff Alexandra Kelly ("Plaintiff" or "Kelly") initially filed this medical malpractice action against Defendant CHI, Inc. a/k/a Community Health of South Florida, Inc. ("Defendant" or "CHI") in the County Court in and for Miami-Dade County, Florida, ECF No. 6.

On August 27, 2013, Defendant filed a Motion to Dismiss Plaintiff's Statement of Claim, ECF No. 6, which the Honorable Wendell M. Graham orally granted on September 25, 2013, ECF No. 6. Judge Graham dismissed the case because: (1) "CHI is immune from

suit pursuant to the Federal Tort Claims Act (FTCA)," and, as such, a suit against the United States is Plaintiff's exclusive remedy, (2) "Plaintiff failed to plead compliance or otherwise comply with the prerequisite to suit under the FTCA of filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made," and (3) "Plaintiff failed to plead compliance or otherwise comply with the conditions precedent to commencing a medical negligence action in Florida," which require her to notify CHI of her intention to file suit and to "submi[t] a verified written medical expert opinion from a qualified medical expert" supporting her claims, ECF No. 6.

On September 27, 2013, Plaintiff filed her instant Notice of Removal, ECF No. 1, before Judge Graham entered his Order of Dismissal. CHI now seeks to remand this action to state court.

## II. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (emphasis added).  28 U.S.C. § 1446 details the "[p]rocedures for removal of civil actions" *by a defendant*. 28 U.S.C. § 1446 (emphasis added).  Courts should strictly construe the requirements of 28 U.S.C. § 1441 and remand all cases in which such jurisdiction is doubtful.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).

### III. ANALYSIS

The language of 28 U.S.C. §§ 1441 and 1446 allow only a defendant to remove a civil action from state court.  Plaintiff cannot remove her own action.  *See* 28 U.S.C. § 1441 & 1446; *Rigaud v. Broward*, 346 Fed. App'x 453, 454 (11th Cir. 2009) (affirming the district court's unpublished finding that "[the plaintiff] . . . could not remove her own action."); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 132 n.4 (2d Cir. 2006) ("The plaintiff had removed his own state court action, contrary to the provisions of 28 U.S.C. 1441(a), which authorize removal only by the defendant."); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (3d Cir. 1993); *Liebreich v. Church of Scientology Flag Serv. Org.*, No. 12-2926, 2013 WL 212705 (M.D. Fla. Jan. 28, 2013) ("Section 1441 authorizes removal only by the defendant, and there is no authority permitting a plaintiff to remove his own action.").

Moreover, even if Plaintiff could, *arguendo*, remove her own case, the Court would lack jurisdiction.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Suarez v. U.S.*, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)).  "It is clear that since '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies[,]' *McNeil v. U.S.*, 508 U.S. 106, 113 (1993), the filing of an administrative claim pursuant to 28 U.S.C. § 2675(a) is a prerequisite for the Court to exercise jurisdiction over [the plaintiff's] claims. . .." *S.R. v. United States*, 555 F. Supp. 2d 1350, 1355 (S.D. Fla. 2008).  28 U.S.C. § 2401(b) specifies that the claim must first be presented to the appropriate *federal* agency.  28 U.S.C. § 2401(b) (emphasis added).

3

Although Plaintiff has filed a Florida Department of Health Healthcare Practitioner Complaint Form, she did not plead compliance or otherwise comply with the requirement of filing a complaint with the appropriate *federal* agency.  *See* ECF No. 1.  In addition, Plaintiff is required to wait until the agency has either denied her claim or wait for a six-month period to fulfill the pre-suit prerequisites in order for a federal court to establish jurisdiction.  28 U.S.C. § 2401(b).  Since Plaintiff did neither, and the Court does not have jurisdiction over this matter, it must be remanded.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that:

1.  Plaintiff's Motion to Remand to State Court, ECF No. 6, is **GRANTED**;

2.  This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3.  The Clerk is directed to **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

    **DONE and ORDERED** in chambers at Miami, Florida, this 30th day of July 2014.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

4